# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3438 | **DATE** | 11/24/2004 |
| **CASE TITLE** | DORIS J. PETERMON-SANDERS vs. EVELYN T. STONE UNIVERSITY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant Stone University and DHCR's motion to dismiss [doc.11] is granted as to plaintiff's section 1983 claim, which is dismissed without prejudice, and her Title VII claims for national origin and sex discrimination, which are dismissed with prejudice. In all other respects, their motion is denied. IDOC's motion to dismiss [doc.19] is granted in its entirety, and all of the claims plaintiff asserts against the defendant are dismissed with prejudice. IDOC is terminated as a party in this case.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 29 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 23 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DORIS J. PETERMON-SANDERS, )
IN HIS HANDS, INC., )
)
)
Plaintiffs, )
)
v. ) No. 04 C 3438
)
EVELYN T. STONE UNIVERSITY, ) Judge Ronald A. Guzmán
DEPARTMENT OF HUMAN AND )
COMMUNITY RENEWAL and ILLINOIS )
DEPARTMENT OF CORRECTIONS )
PLACEMENT RESOURCE UNIT, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Doris Petermon-Sanders brought this action against Defendants Evelyn T. Stone University, Department of Human and Community Renewal ("DHCR") and the Illinois Department of Corrections Placement Resource Unit ("IDOC") for their alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. § 626 ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII") and 42 U.S.C. § 1983 ("section 1983"). Defendants have filed motions pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss all claims. For the reasons set forth below, Stone University and DHCR's motion is granted in part and denied in part and IDOC's motion is granted.

## Background

On March 11, 2004, plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission alleging that Roosevelt University discriminated against her

based on her age, religion and race. (Stone Univ. & DHCR's Reply Supp. Mot. Dismiss, Ex. 1, 3/11/04 EEOC Charge.) On March 18, 2004, the EEOC issued plaintiff a right to sue letter. (*Id.*) On May 19, 2004, plaintiff filed this complaint alleging that defendants discriminated against her on the basis of her age, national origin, sex and race. Defendants contend that plaintiff's complaint must be dismissed because she failed to exhaust her administrative remedies.

### The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### Discussion

Defendants first argue that the claims against them must be dismissed because plaintiff did not name them as respondents in her EEOC charge. Generally, only those named as respondents in an EEOC charge can later be sued for violations of Title VII and the ADEA. *See* 42 U.S.C. § 2000e-5(f)(1) ("[A] civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved . . . by the alleged unlawful employment practice"); 29 U.S.C. § 626(e) ("A civil action may be brought under this section . . . against the respondent named in the charge within 90 days after the date of the receipt of such notice.") If, however, a party had notice of the charge and an opportunity to participate in the EEOC's conciliation process, the fact that he

was not named in the charge will not shield him from suit. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 120*, 657 F.2d 890, 905 (7th Cir. 1981).

Stone University and DHCR fall into that exception. According to the website of Roosevelt University, the entity named as the respondent in plaintiff's charge, Stone University is a college within Roosevelt and DHCR is a department within Stone University. *See* http://www.roosevelt.edu./academics/default.htm & http://www.roosevelt.edu/etsuc/outreach.htm.[1] According to Roosevelt's Office Directory, both Stone University and DHCR are located on Roosevelt's Chicago campus at 18 South Michigan Avenue. *See* http://www2.roosevelt.edu/campuses/cpa.htm. 18 South Michigan Avenue is the address plaintiff listed for Roosevelt University on her EEOC charge. (*See* Stone Univ. & DHCR's Reply Supp. Mot. Dismiss, Ex. 1, 3/11/04 EEOC Charge.) Given the relationship between Roosevelt and these defendants, the fact that the charge was sent to their address and their silence on the subject of notice, the Court infers that Stone University and DHCR had notice of the charge and an opportunity to participate in the conciliation proceedings. Thus, the motion of these defendants to dismiss the suit on the grounds that they were not named as respondents in plaintiff's EEOC charge is denied.[2]

The situation is different for IDOC, however. Not only is IDOC not named in the charge, there is nothing in the record to suggest that IDOC was even aware of it. Because we cannot infer that IDOC knew about plaintiff's charge, the Title VII and ADEA claims plaintiff asserts against it

---

[1] The Court may take judicial notice of these facts under Federal Rule of Evidence 201(b).

[2] To the extent Stone University and DHCR are not independent entities subject to suit, the Court grants plaintiff leave to amend her complaint to substitute Roosevelt University as a defendant.

must be dismissed.[3]

Even if they are proper parties to this suit, Stone University and DCHR contend that the age and sex discrimination claims plaintiff asserts against them must be dismissed because they were not included in her EEOC charge. "As a general rule, a Title VII [or ADEA] plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. Western & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). A claim not explicitly raised in an EEOC charge, however, still falls within its scope if the claim is "'like or reasonably related to the allegations of the charge and grow[s] out of such allegations.'" *Id.* (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir.1976)).

Plaintiff's EEOC charge states that she was "subjected to harassment from a co-worker [who] would fax [her] racist and derogatory jokes and comments regarding people who were non-white and non-Christian" and that she "was discharged after being falsely accused of violating a policy." (*See* Stone Univ. & DHCR's Reply Supp. Mot. Dismiss, Ex. 1, 3/11/04 EEOC Charge.) In the section asking that she identify the kinds of discrimination alleged, plaintiff checked the boxes for race, age and religion. (*Id.*)

The national origin and sex discrimination claims plaintiff raises in her complaint are not like or reasonably related to the race, age and religious discrimination claims plaintiff raises in her EEOC charge. An investigation into whether defendants harbored animus against plaintiff because of her race, age or religion would not likely have uncovered any gender or national origin bias. Because

---

[3]Even if plaintiff had named IDOC as a respondent in her charge, the ADEA claim she asserts against it would still have to be dismissed on the grounds of sovereign immunity. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000) ("[W]e hold that the ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. The ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid.").

4

the latter claims do not grow out of the allegations in plaintiff's EEOC charge, they must be dismissed.[4]

That leaves plaintiff's section 1983 claim. To the extent this claim is asserted against IDOC, it must be dismissed with prejudice because IDOC, which functions as an arm of the State, is not among the class of "persons" subject to section 1983 liability. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 64 (1989) ("[W]e reaffirm today what we had concluded prior to and what some have considered implicit in *Quern*: that a State is not a person within the meaning of § 1983.")

Plaintiff fares no better if the section 1983 claim is asserted against the other defendants. Section 1983 provides redress for constitutional deprivations suffered at the hands of certain government actors. 42 U.S.C. § 1983. To state a section 1983 claim against private parties like Stone University and DHCR, plaintiffs must allege that they "invoked state authority in such a way that [they] should be considered . . . state actor[s]." *Davis v. Union Nat'l Bank,* 46 F.3d 24, 25 (7th Cir. 1994). The Supreme Court has set forth a number of tests for determining whether a private actor has engaged in state action for section 1983 purposes. They include: (1) the "public function" test, in which private actors are deemed state actors if they perform functions traditionally relegated to the government, *Terry v. Adams,* 345 U.S. 461, 468-70 (1953); (2) the "state compulsion" test, in which private actors are held to be state actors if their conduct was compelled by state law, custom or practice, *Adickes v. Kress,* 398 U.S. 144, 168 (1970); (3) the "nexus" test, in which private actors are held to be state actors because they are so heavily regulated or are otherwise so closely

---

[4]Though defendants do not address it, plaintiff alleges a failure to promote claim in her complaint that was also not raised in her charge. Because the failure to promote claim is not like or reasonably related to the harassment and termination claims plaintiff raised in her charge, it is dismissed as well.

intertwined with the state that their actions can fairly be attributed to it, *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974); and (4) the "joint action" test, in which private actors are deemed state actors because they are "willful participant[s] in joint action with the State or its agents," *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Plaintiff has not alleged that these defendants fall into any of those categories. Consequently, any section 1983 claim she asserts against Stone University and DHCR is dismissed without prejudice.

## Conclusion

For the reasons stated above, Stone University and DHCR's motion to dismiss [doc. 11] is granted as to plaintiff's section 1983 claim, which is dismissed without prejudice, and her Title VII claims for national origin and sex discrimination, which are dismissed with prejudice. In all other respects, their motion is denied. IDOC's motion to dismiss [doc. 19] is granted in its entirety, and all of the claims plaintiff asserts against that defendant are dismissed with prejudice. IDOC is hereby terminated as a party to this suit.

**SO ORDERED.** **ENTERED:** 11/24/04

HON. RONALD A. GUZMAN
**UNITED STATES DISTRICT JUDGE**