

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DORIS J. PETERMON-SANDERS,     )
                                    )
       Plaintiff,            )
                                    )    **No. 04 C 3438**
       v.                     )
                                    )    **Judge Ronald A. Guzmán**
EVELYN T. STONE UNIVERSITY and     )
DEPARTMENT OF HUMAN and         )
COMMUNITY RENEWAL,            )
                                    )
       Defendants.        )

## MEMORANDUM OPINION AND ORDER

Doris J. Petermon-Sanders has sued Evelyn T. Stone University and the Department of Human and Community Renewal for their alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Defendants have moved pursuant to Federal Rule of Civil Procedure 56 for summary judgment. For the reasons set forth below, the motion is granted.

## Facts

Despite receiving instructions on how to comply with Local Rule ("LR") 56.1 and the consequences of not doing so, (*see* Notice to *Pro Se* Litigant Opposing Summary Judgment), plaintiff did not file a response to defendants' LR 56.1(a) Statement of Uncontested Material Facts. That omission is costly. According to the Local Rule, "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." N.D. ILL. LR 56.1(b)(3)(B); *see Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004) ("We have emphasized the importance of local rules and have consistently

and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment.") (alteration and citation omitted). By failing to respond to defendants' LR 56.1(a) Statement, plaintiff has admitted all of the properly supported facts set forth in it. Thus, what follows is drawn primarily from defendants' statement of facts.

Plaintiff is a fifty-nine-year-old, non-white, woman. (Defs.' LR 56.1(a) Stmt. ¶ 2; Defs.' Reply Supp. Mot. Dismiss, Ex. 1, 3/11/04 EEOC Charge.) Defendants Evelyn T. Stone University and the Department of Human and Community Renewal are a college and department, respectively, of Roosevelt University. (Defs.' LR 56.1(a) Stmt. ¶ 1.)

Defendants employed plaintiff as an employment specialist from September 1, 1999 until November 22, 2003. (*Id.* ¶¶ 2, 5.) As an employment specialist, plaintiff helped people who were released or paroled from Illinois correctional centers find employment, housing and educational opportunities by connecting them with the appropriate agencies and resources. (*Id.* ¶¶ 8-9.)

Plaintiff's employment with defendants was funded through grants from the Illinois Department of Corrections ("IDOC") and was renewed annually through an Administrative Letter of Appointment. (*Id.* ¶¶ 5-7.) One of the conditions of plaintiff's employment was that she abide by IDOC's regulations. (*Id.* ¶¶ 25-28.) In 2001, IDOC adopted two regulations that prohibited plaintiff from, among other things, socializing and engaging in business transactions with a person that she knew was a parolee and engaging in secondary employment. (*Id.* ¶¶ 25-26; *id.*, Ex. F, IDOC Regs. §§ 120.20, 120.50; *id.*, Ex. G, IDOC Admin. Directive 03.02.108.) Plaintiff received a copy of those regulations and attended an orientation session about them when they were enacted. (*Id.*, Ex. M, 11/25/03 Dec. Hr'g Officer Love at 4.)

In 1998, plaintiff founded In His Hands, Inc., a not-for-profit corporation. (*Id.* ¶¶ 2, 11.) Through the corporation, plaintiff applied to IDOC to provide transitional housing services to former inmates. (*Id.* ¶ 12.) Plaintiff sought to house the same people that she counseled through her job with defendants. (*Id.* ¶ 13.) In December 2002, plaintiff began renting rooms in her home to IDOC parolees, charging them each $360.00 per month. (*Id.* ¶ 14.)

On October 26, 2003, IDOC released parolee Michael Keys with written instructions to report to In His Hands, Inc. at plaintiff's home. (*Id.* ¶ 31.) On October 27, 2003, Keys told Nina Rezinas, his Roosevelt University Life Skills Counselor, that plaintiff would not allow him to rent from her because he did not receive Social Security benefits. (*Id.* ¶¶ 32-33.) Rezinas, who knew that plaintiff was also a Roosevelt employee, reported the information to her supervisors, Earl Watson and Michael Elliott. (*Id.* ¶ 34.) Watson and Elliott conducted an investigation and concluded that plaintiff was renting rooms in her home to people she knew to be IDOC parolees. (*Id.*, Ex. K, 10/28/03 Mem. to Evans from Elliott & 10/27/03 Mem. to Elliott from Watson.)

On November 21, 2003, defendants held an employee review hearing that plaintiff attended with her lawyer. (*Id.* ¶ 37.) On November 25, 2003, Dr. Louise Love, Associate Provost for Roosevelt and Employee Review Hearing Officer, issued an opinion finding plaintiff guilty of violating IDOC regulations regarding secondary employment and engaging in business transactions with known parolees. (*Id.* ¶ 38; *id.*, Ex. M, 11/25/03 Dec. Hr'g Officer Love.) Love recommended that plaintiff's employment be terminated. (*Id.* ¶ 39; *id.*, Ex. M, 11/25/03 Dec. Hr'g Officer Love at 7.) Defendants adopted that recommendation and, on December 16, 2003, they terminated plaintiff. (*Id.* ¶ 40.)

## Discussion

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

Plaintiff alleges that defendants terminated her because of her age[1] and race.[2] Plaintiff can prove both her Title VII and her ADEA claims either by offering direct evidence of defendants' discriminatory intent or by using the *McDonnell Douglas* burden-shifting method of proof. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 982 (7th Cir. 1999). Having no direct evidence of discrimination, plaintiff must comply with the latter method if she is to defeat defendants' motion.

To do so, she must first establish a *prima facie* case of discrimination by showing that: (1) she is a member of a protected class; (2) she was meeting defendants' legitimate expectations; (3) she suffered an adverse employment action; and (4) for the Title VII claims, defendants treated similarly

---

[1] In her response to defendants' motion, plaintiff says: "I had already agreed I could not prove the age discrimination case." (*See* Pl.'s Resp. Mot Summ. J. at 2.) That statement suggests that plaintiff has abandoned her age discrimination claim. Because it is not entirely clear that this *pro se* plaintiff intended to concede the claim, however, we will address it.

[2] Plaintiff asserted age, race, national origin and sex discrimination claims in her complaint. The last two claims were dismissed on defendants' motion because plaintiff had not raised them before the EEOC. Plaintiff did raise a religious discrimination claim in her EEOC charge, but because she did not raise it in her complaint, we do not address it.

situated employees outside the protected class more favorably, and for the ADEA claim, defendants treated similarly situated, substantially younger employees more favorably. *Foster v. Arthur Andersen, LLP*, 168 F.3d 1029, 1035 (7th Cir. 1999) (Title VII); *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 398 (7th Cir. 1997) (ADEA). If plaintiff makes a *prima facie* case, the burden of production shifts to defendants to articulate a legitimate, nondiscriminatory reason for her discharge. *Chiaramonte*, 129 F.3d at 398; *Wells v. Unisource Worldwide, Inc.*, 289 F.3d 1001, 1006 (7th Cir. 2002). If defendants carry their burden, plaintiff must show that the proffered reason is merely a pretext. *Id.*

Plaintiff has not satisfied the second and fourth elements of the *prima facie* case for any of her claims. As to the second element, it is undisputed that plaintiff was not meeting defendants' legitimate expectations. One of the conditions of plaintiff's employment was that she abide by IDOC's regulations, a copy of which defendants provided to her. (Defs.' LR 56.1(a) Stmt. ¶¶ 5-7, 25-28; *id.*, Ex. M, 11/25/03 Op. Hr'g Officer Love at 4.) Among other things, those regulations prohibited plaintiff from transacting business with people she knew were IDOC parolees and engaging in secondary employment. (*Id.*, Ex. F, IDOC Regs. §§ 120.20, 120.50; *id.*, Ex. G, IDOC Admin. Directive 03.02.108.) There is no dispute that plaintiff did both, by renting rooms in her home to people she knew were IDOC parolees and operating In His Hands, Inc. (*Id.* ¶¶ 11-20.) Because plaintiff was not meeting defendants' legitimate expectations, she has not satisfied the second element of the *prima facie* case on any of her claims.

Plaintiff has also not satisfied the fourth element. She has offered no evidence to suggest that defendants allowed any employee who is white or substantially younger than plaintiff to keep his or

5

her job after discovering that they had violated IDOC regulations. Thus, the fourth element of plaintiff's *prima facie* case is absent.

Even if plaintiff had made a *prima facie* case of discrimination, her claims would still be doomed by the dearth of pretext evidence. Defendants' reason for firing plaintiff is pretextual if it is "factually baseless, [was] not the actual motivation for the discharge . . . , or [is] insufficient to motivate the discharge." *Jackson*, 176 F.3d at 983. There is nothing in the record to support the inference that defendants' proffered reason for firing plaintiff was pretextual. On the contrary, there are a number of undisputed facts that suggest defendants honestly believed plaintiff violated IDOC regulations: defendants had been told by parolee Keys that IDOC sent him to plaintiff's home for housing after his release (Defs.' LR 56.1(a) Stmt. ¶¶ 31-34); defendants conducted an investigation and discovered that another IDOC parolee, Michael McGhee, had rented a room in plaintiff's home from December 2002 until June 2003 (*id.*, Ex. K, 10/28/03 Mem. to Evans from Elliott); defendants also discovered that McGhee was a client of plaintiff's through Roosevelt from October 2001 through March 2002 (*id.*); and plaintiff admitted that she rented a room in her home to yet another IDOC parolee, Cornell Hanley (*id.*). Because plaintiff has no evidence of pretext, her discrimination claims would still be dismissed, even if she had made a *prima facie* case of discrimination.

## Conclusion

For all of the reasons stated above, there is no genuine issue of material fact as to plaintiff's claims against defendants, and defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment [doc. no. 32] is, therefore, granted. This case is terminated.

**SO ORDERED**  **ENTERED:**  JUL - 1 2005

HON. RONALD A. GUZMAN
United States District Judge